# INDICTMENT.

LAMBERT *v.* THE PEOPLE, 9 Cow. 578.

In S. Ct. 7 Cow. 166.

### *Indictment ; Conspiracy.*

THE indictment for a *conspiracy* was; "that the defendants intending unlawfully, by indirect means, to cheat and defraud a certain incorporated company, (naming it,) and divers others unknown, of their effects, did fraudulently and unlawfully conspire together, injuriously and unjustly, by wrongful and indirect means, to cheat and defraud the company and unknown persons of their effects; and that in execution thereof, they did by certain undue, indirect, and unlawful means, unlawfully cheat and defraud the company and unknown persons, of divers effects."

The Supreme Court held that an indictment lay for such a conspiracy to defraud an individual of his property; and that the conspiracy might be alleged in those general terms as to a description of the offence, its object, and the persons concerned.

The Court of Errors were equally divided on the question whether this indictment was a valid one, and it was decided by the casting vote of the president, (Tallmadge,) that it was defective; and the judgment of the Supreme Court sustaining it, was *reversed.*

The Court of Errors held, that where an indictment for a conspiracy does not set forth the object specifically, and show

that such object is a legal crime; it should particularly set forth the *means intended to be used by* the conspirators, and show that those means are criminal. Otherwise, the indictment charges no crime or offence of which the law can take notice.

☞ The Rev. Stat. of 1830, (vol. 2, p. 691, 1st Ed.,) specify in what cases conspiracies are misdemeanors.

See *The People* v. *Eckford*, 7 Cow. 535.